

**U.S. Department of Justice**

*United States Attorney for
the Southern District of
New York*

---

*86 Chambers Street, Third Floor
New York, New York 10007*

April 15, 2025

**BY ECF**
Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *Northeast Organic Farming Assoc. of N.Y., et al. v. U.S. Dep't of Agriculture*,
          No. 25 Civ. 1529 (MMG)

Dear Judge Garnett:

      This Office represents the United States Department of Agriculture ("USDA" or the "Government") in the above-referenced action brought by Northeast Organic Farming Association of New York, Natural Resources Defense Council, and Environmental Working Group (collectively, "Plaintiffs") under the Administrative Procedure Act ("APA") and the Freedom of Information Act ("FOIA"). The parties write respectfully to (1) provide the Court with the information required by Rule II(A)(5) of the Court's Individual Rules, (2) request that the parties be relieved of the requirement to file a proposed case management plan, (3) request that the initial pretrial conference currently scheduled for April 24, 2025, be adjourned *sine die* or, alternatively, to a date convenient for the Court after the Government's response to the complaint is due, and (4) reiterate, on behalf of Plaintiffs, their request for oral argument on their motion for a preliminary injunction.

      Concerning the information required by Individual Rule II(A)(5), Plaintiffs allege that the USDA unlawfully removed numerous climate change-related websites pursuant to a January 31, 2025, directive and claim that the removals violated the APA and FOIA. As relief, Plaintiffs seek, among other things, to compel the USDA to restore the removed climate change-related webpages and to enjoin the USDA from removing similar webpages pursuant to its directive. The partes have engaged in settlement discussions and do not believe settlement is a reasonable possibility at this stage. Plaintiffs have moved for a preliminary injunction (Dkt. No. 15), which the Government has opposed (Dkt. No. 21). The Government anticipates moving to dismiss and/or for summary judgment.

      Because of the pending motion for a preliminary injunction and the Government's anticipated motion, the parties believe a civil case management plan is premature at this point and

may ultimately be unnecessary.[1] Indeed, because Plaintiffs seek judicial review of agency action, Local Rule 16.1 exempts this matter from the mandatory scheduling order required by Federal Rule of Civil Procedure 16(b). In lieu of submitting a case management plan, the parties respectfully request that by May 19—one week before the Government's response to the complaint is due—they submit for the Court's approval a stipulated schedule for further proceedings.

For the same reasons, the parties agree that there is no need for an initial pretrial conference at this time. The Government respectfully submits that the conference currently scheduled for April 24, 2025, can be adjourned *sine die*. Alternatively, if the Court believes that an initial pretrial conference would be productive, the Government requests that the conference be adjourned to a date convenient for the Court after May 26, 2025, when the Government's response to the complaint is due. The parties have conferred and are available June 10–13 and 16–17, 2025. Nevertheless, if the Court believes an earlier initial pretrial conference would be useful, the parties are available on April 24, 2025. In addition, if the Court wishes to hold oral argument on Plaintiffs' preliminary injunction motion, Plaintiffs propose setting oral argument on the motion for April 30, 2025, or at the Court's earliest convenience thereafter.

The parties thank the Court for its attention to this matter.

                              Respectfully submitted,

                              MATTHEW PODOLSKY
                              Acting United States Attorney for the
                              Southern District of New York

                    By:  */s/ Mark Osmond*
                         ILAN STEIN
                         MARK OSMOND
                         Assistant United States Attorneys
                         86 Chambers Street, 3rd Floor
                         Tel.: (212) 637-2525/2713
                         E-mail: ilan.stein@usdoj.gov
                                       mark.osmond@usdoj.gov

---

[1] The Government notes that parties typically do not exchange discovery in FOIA or APA cases. *See, e.g., Camp v. Pitts*, 411 U.S. 138, 142 (1973) (judicial review under APA is limited to the administrative record); *Ferguson v. U.S. Dep't of Educ.*, No. 09 CIV. 10057 FM, 2011 WL 4089880, at *14 (S.D.N.Y. Sept. 13, 2011) (noting that "[d]iscovery in a FOIA case is 'rare'").